## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARLTON MURRAY, #R-31053, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00371-NJR |
| | ) |
| LT. BAKER, AMY CACIOPPO, | ) |
| DIRECTOR OF IDOC, LARUE LOVE, | ) |
| LT. CLARK, BETSY SPILLER, | ) |
| and JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Earlton Murray, a parolee who was recently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Director of the Illinois Department of Corrections ("IDOC") and six Pinckneyville officials who allegedly failed to protect him from assaults by his cellmate. (Doc. 1, pp. 5-6). According to the complaint (Doc. 1) and supplemental exhibits (Doc. 10, pp. 2-10),[1] Plaintiff informed each of the defendants that his cellmate threatened to kill him on February 18, 2016. Defendants took no action to protect Plaintiff, and his cellmate attacked him on more than one occasion. Although Plaintiff claims that he sustained a broken finger in one of the assaults, the defendants allegedly denied him medical care for the injury. (*Id.*). As a result, his finger is deformed.

---

[1] After filing his complaint, Plaintiff filed a motion to amend complaint. (Doc. 10). Along with the motion, Plaintiff submitted additional exhibits, which he asks the Court to consider along with the complaint. Although the Court does not normally accept piecemeal amendments to complaints, Plaintiff filed his motion before the Court screened his complaint pursuant to 28 U.S.C. § 1915A. Given the early stage of proceedings, the Court will grant his request and direct the Clerk to refile the complaint (Doc. 1) and supplemental exhibits (Doc. 10) together as the "First Amended Complaint." This Order will refer to these documents collectively as the amended complaint.

Plaintiff now sues the IDOC Director, Jacqueline Lashbrook (warden), Betsy Spiller (assistant warden), Larue Love (assistant warden) Baker (lieutenant), Clark (lieutenant), and Amy Cacioppo (correctional officer) for conspiring to deny him adequate protection from the inmate assault, to deny him adequate medical care for the resulting injury, and to ignore his related grievances. He seeks monetary relief. (*Id*. at 7).

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## First Amended Complaint

During his incarceration at Pinckneyville, Plaintiff's cellmate allegedly threatened to kill him on February 18, 2016. (Doc. 1, pp. 5-6). Plaintiff immediately reported the threat to Lieutenant Baker, who said, "I'm busy. Tell an officer. Then they'll tell me. Now get out of my face." (*Id*. at 5). Plaintiff did as he was told and reported the threat to Officer Cacioppo, who advised Plaintiff to "[m]an up" and "[d]eal with it." (*Id*.).

Plaintiff was subsequently attacked by his cellmate.[2] He filed an emergency grievance with Warden Lashbrook, Assistant Warden Spiller, and Assistant Warden Love following the attack. In an alleged effort to "avoid a paper trail" all three wardens ignored his grievances. Rather than separating the inmates and investigating the matter, they took no action. (*Id*. at 5).

---

[2] The allegations in the complaint suggest that more than one attack occurred. Plaintiff specifically alleges that he was assaulted by his cellmate on February 27, 2016. (*Id*. at 5). The allegations allude to another attack, however, and Plaintiff attached a grievance to his complaint dated February 25, 2016, in which he describes an earlier incident. (*Id*. at 8-9).

Plaintiff then turned to Lieutenant Clark, telling the lieutenant that he was concerned about another attack. Officer Cacioppo responded by instructing Plaintiff to submit a written request slip seeking protection from his cellmate. The request would have taken a month or more to process, and the danger presented by his cellmate was imminent. Although it is not altogether clear, the complaint suggests that Plaintiff's cellmate did attack him again.

Plaintiff alleges that he sustained a dislocated or broken finger during one of the assaults. Lieutenant Clark responded by sending Plaintiff's cellmate to segregation and taking Plaintiff to the healthcare unit ("HCU"). In the HCU, Plaintiff informed the nurse that his finger was either dislocated or broken. Both Plaintiff and the nurse asked Lieutenant Clark to front-cuff Plaintiff for better treatment. The lieutenant responded by saying, "Tell it to the chapl[a]in. You mistake me for someone who gives a fuck." (*Id*. at 6). To treat the injury, the nurse[3] placed a Band-Aid on Plaintiff's finger.

Lieutenant Clark then took Plaintiff to segregation, where Warden Lashbrook allegedly instructed the officers "not to 'even attempt to talk to his ass.'" (*Id*.). Plaintiff was denied medical care for his injured finger. Although he was allegedly denied a pen for use in preparing and filing a sick call request, he complained about his untreated injury in a grievance that was addressed to Warden Lashbrook, Assistant Warden Spiller, Assistant Warden Love, Lieutenant Baker, Lieutenant Clark, and Officer Cacioppo. (*Id*. at 8-9). For two weeks, he received no medical treatment in response to this grievance.

Plaintiff supplemented his complaint with additional medical records, which reveal that he was finally seen in the HCU on several occasions in mid-March 2016. (Doc. 10, pp. 2-10).

---

[3] The nurse is not named as a defendant in this action, and all claims against this individual are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif]ied] in the caption").

His finger was x-rayed on March 21, 2016. (*Id.* at 2). At that time, there was no evidence of "an acute bony fracture or dislocation." (*Id.*). Only "[m]ild degenerative changes [we]re seen." (*Id.*). Even so, Plaintiff complains that his finger was dislocated or broken and healed improperly. (Doc. 1, pp. 5-6). He also suffers from severe headaches, severe depression, and other mental injuries. (*Id*. at 6).

### Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* complaint into the following enumerated counts.

**Count 1:** **Defendants, acting alone or in conspiracy, failed to protect Plaintiff from a known risk of assault in violation of the Eighth Amendment, when they took no action after learning that Plaintiff's cellmate threatened to kill him on February 18, 2016.**

**Count 2:** **Defendants, acting alone or in conspiracy, exhibited deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment, when they refused to provide him with access to adequate medical care for his dislocated or broken finger following the assault.**

**Count 3:** **Defendants, acting alone or in conspiracy, ignored Plaintiff's grievances in violation of his due process rights under the Fourteenth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

As discussed in more detail below, **Counts 1** and **2** survive screening and are subject to further review against all of the defendants, except the IDOC Director. **Count 3** is subject to

dismissal with prejudice for failure to state a claim upon which relief may be granted. All claims against the IDOC Director shall be dismissed with prejudice.

## Discussion

### Count 1

The Eighth Amendment failure to protect claim in **Count 1** is subject to further review against all of the defendants, except the IDOC Director. Prison officials have an obligation to protect prisoners from one another. *See, e.g., Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). In order to state a failure to protect claim, Plaintiff must show that each defendant was "deliberately indifferent" to a risk of serious harm to Plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To establish deliberate indifference, Plaintiff must show that each defendant knew that there was a substantial risk that Plaintiff could be seriously harmed and still failed to take reasonable steps to protect him. After carefully considering the allegations in the amended complaint, the Court finds that it states a colorable Eighth Amendment claim against Defendants Lashbrook, Spiller, Love, Baker, Clark, and Cacioppo. **Count 1** is therefore subject to further review against these defendants.

### Count 2

The Eighth Amendment deliberate indifference to medical needs claim in **Count 2** is also subject to further review. To establish a claim for the denial of medical care, a plaintiff must demonstrate that the defendants were aware of and disregarded a substantial risk of harm from an objectively serious medical condition. *Farmer*, 511 U.S. at 834; *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). A medical condition is "serious" if it has been diagnosed by a physician as requiring treatment or is so obvious that a layperson would recognize the condition as requiring treatment. *Gutierrez v.*

*Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Deliberate indifference is intentional or reckless disregard of a substantial risk of harm posed by the condition; negligence does not support a deliberate indifference claim. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Plaintiff claims that his finger was dislocated or broken in February 2016. For several weeks, he received no treatment for the injury, other than a Band-Aid. Although an x-ray eventually showed no dislocation or fracture, it is not clear whether this is because the injury never occurred or because it healed during the time that Plaintiff waited for the x-ray.

Further, the allegations suggest that Defendants Lashbrook, Spiller, Love, Baker, Clark, and Cacioppo may have responded to Plaintiff's request for medical care with deliberate indifference. Plaintiff addressed a detailed grievance to all of these defendants dated February 25, 2016. There, he asked for additional medical care for his injured finger. Plaintiff explained that he thought it was broken or dislocated. Defendant Lashbrook denied the grievance almost a month later. Given the highly detailed grievance and the delayed response to it, the Court cannot rule out the possibility that Defendants Lashbrook, Spiller, Love, Baker, Clark, and Cacioppo may have responded to Plaintiff's injury with deliberate indifference. Further review of **Count 2** against these defendants is warranted.

## Count 3

**Count 3** is subject to dismissal against all of the defendants. Plaintiff complains that the defendants ignored his grievances, but this gives rise to no independent due process claim against them under the Fourteenth Amendment. Prison grievance procedures are not constitutionally mandated and thus do not necessarily implicate the Due Process Clause. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim" upon which relief may be granted. *Owens*

*v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In other words, the fact that the defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage. Accordingly, **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### IDOC Director

The IDOC Director shall be dismissed from this action with prejudice. The Director is mentioned nowhere in the complaint or in any grievances attached to it. The doctrine of *respondeat superior* does not apply to § 1983 actions; liability arises from personal involvement in a constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). A defendant in a supervisory capacity may be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his or her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")). Here, Plaintiff includes no allegations suggesting that the IDOC Director knew about the conduct at issue, approved it, or turned a blind eye to it. No grievances are addressed to or by the Director. Absent any indication that the IDOC Director was even aware of Plaintiff's situation, the complaint supports no claim against this defendant. Accordingly, the IDOC Director shall be dismissed from this action with prejudice.

### Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which is **GRANTED in part** with respect to Defendants **LASHBROOK, SPILLER, LOVE, BAKER, CLARK,** and **CACIOPPO**, and **DENIED in part** with respect to Defendant **IDOC DIRECTOR**.

Finally, Plaintiff has filed a motion to amend complaint (Doc. 10), which is **GRANTED**. The Clerk will be directed to refile the complaint (Doc. 1) and supplemental exhibits (Doc. 10, pp. 2-9) as the "First Amended Complaint" in CM/ECF.

### Disposition

The **CLERK** is **DIRECTED** to refile the complaint (Doc. 1) and supplemental exhibits (Doc. 10, pp. 2-10) as the "First Amended Complaint" in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendant **DIRECTOR OF IDOC** is **DISMISSED** with prejudice from this action because no colorable claim is stated against this defendant.

**IT IS ORDERED** that **COUNTS 1** and **2** are subject to further review against Defendants **LASHBROOK, SPILLER, LOVE, BAKER, CLARK,** and **CACIOPPO**. As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **LASHBROOK, SPILLER, LOVE, BAKER, CLARK,** and **CACIOPPO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this

Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon the defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and

28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** April 26, 2016

								**NANCY J. ROSENSTENGEL**
								**United States District Judge**