IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARLTON MURRAY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-CV-371-NJR-DGW |
| LT. BAKER, AMY CACIOPPO, LT. CLARK, BETSY SPILLER, JACQUELINE LASHBROOK, and LARUE LOVE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rule 41(b) (Doc. 28). For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff Earlton Murray, a former inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville CC"). Murray's complaint alleges that his cellmate assaulted him on February 18, 2016, and prison officials failed to protect him from the assault despite receiving a warning from Murray that such conduct was imminent.

Soon after Murray's complaint was filed, Murray submitted a notice of change of address indicating he anticipated being paroled on April 20, 2016, and all documents should be sent to his new address—321 South Mozart, Chicago, Illinois 60612 (Doc. 11).

Murray's address was timely updated in the Court's docketing system. In fact, Murray's notice of change of address is the last filing this Court received from him.

On November 28, 2016, the Court granted Defendants' motion for extension of time to file a motion for summary judgment on the issue of exhaustion. The basis for Defendants' motion was Murray's failure to provide responses to written discovery on the issue of exhaustion. On January 5, 2017, Defendants asked the Court to enter an order compelling Murray to provide his discovery responses, because they had still not been provided. Defendants' motion to compel was granted, and on January 10, 2017, the Court ordered Murray to provide responses to Defendants' interrogatories and requests to produce regarding the issue of exhaustion of administrative remedies by January 24, 2017. The Court warned Murray "that his failure to abide by this Court's order and provide said responses may result in the imposition of sanctions, including dismissal of this lawsuit" (Doc. 26).

On January 31, 2017, Defendants filed the instant motion to dismiss for lack of prosecution. Murray has not filed a response to this motion, despite being provided ample time and opportunity to do so.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857

(7th Cir. 1998)) (other citations omitted). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of district courts, courts are strongly encouraged to provide an explicit warning before a case is dismissed, especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

## DISCUSSION

Based on a review of the record and upon consideration of the applicable law, the Court dismisses this action for failure to prosecute. First, Murray has exhibited disregard for court orders. In particular, Murray was ordered to respond to Defendants' written discovery on the issue of exhaustion by January 24, 2017. Defendants assert, and Murray has not contradicted the assertion, that Murray wholly failed to respond to Defendants' discovery requests, in contravention of the Court's order. Due to this failure, Defendants have been unable to file a dispositive motion on the issue of exhaustion. As a result, this case is approximately five months behind schedule. The Court also notes that Murray failed to pay his initial partial filing fee of $13.62 by the deadline of November 4, 2016. Murray was warned that his failure to do so may result in dismissal of this action (*see* Doc. 21, p. 1).

The Court finds that the conduct described above demonstrates a clear record of delay and contumacious conduct that has needlessly delayed this litigation. While the Court acknowledges Murray has been paroled since April 2016, that fact does not excuse his failure to litigate this matter and respond to Court orders. Significantly, there is no indication that any of the Court's mailings have been returned as undeliverable (even if they had, this would not necessarily relieve Murray of his duties in litigating the matter).

While the Court notes there are lesser sanctions available, those sanctions would be unavailing, because Murray has clearly lost interest in litigating this case (his last filing was April 18, 2016). Moreover, the Court finds Defendants would be prejudiced if this matter was allowed to languish on the Court's docket any longer. For these reasons, and after consideration of the relevant factors cited by the Seventh Circuit regarding involuntary dismissal, the Court finds Murray has clearly delayed this matter and engaged in contumacious conduct warranting dismissal pursuant to Rule 41(b).

## Conclusion

Defendants' Motion to Dismiss pursuant to Rule 41(b) (Doc. 28) is **GRANTED**, and this action is **DISMISSED with prejudice**. The case is **CLOSED,** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** April 18, 2017

**NANCY J. ROSENSTENGEL**
**United States District Judge**